UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | **18 Cr. 614 (KMK)** |
| SIMON GOLDBRENER,<br>    a/k/a "Simon Goldbrenner,"<br>    a/k/a "Shimon Goldbrenner,"<br>PERETZ KLEIN,<br>SUSAN KLEIN,<br>    a/k/a "Suri Klein,"<br>BEN KLEIN,<br>    a/k/a "Benzion Klein,"<br>    a/k/a "Benzi Klein,"<br>MOSHE SCHWARTZ,<br>SHOLEM STEINBERG, and<br>ARON MELBER,<br>    a/k/a "Aharon Melber,"<br><br>              *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned defendants and their counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals and entities; (iii) would risk prejudicial pretrial publicity if publicly

disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly It Is Hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein. Disclosure material shall be used by the defense solely for purposes of defending this action. Disclosure materials shall be kept in the sole possession of the defendants' counsel and/or the defendants. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access. The defense shall not disclose any disclosure material to any third party and the media except as set forth below.

5. Disclosure material may be disclosed by counsel only to the following persons (hereinafter "Designated Persons"):

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses in the action or individuals who the defense in good faith believes may be able to provide the defense with leads or information for purposes of defending this action; and

2

(c) Such other persons as hereafter may be authorized by the Court upon motion by the defendants.

6. When producing discovery, the Government will designate in writing any category of disclosure material that falls outside the coverage of this Order. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. This Order places no restriction on a defendant' use or disclosure of ESI that originally belonged to that defendant.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal including Supreme Court review, from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. § 2255, if no such petition is filed prior to that time, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

10. As to each defendant, the defendant and his or her counsel shall inform any Designated Persons to whom disclosure material is shown or described pursuant to Paragraph 5 of the existence of this Order and that such Designated Persons are subject to the terms of the Order. If a Designated Person is provided copies of, or is allowed to copy, any disclosure materials, or any written summary thereof, pursuant to Paragraph 5, then prior to such disclosure, the defendant and his or her counsel shall provide a copy of this Order to any Designated Persons, and any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, defendants and their counsel need not obtain signatures from any member of the defense team (i.e., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Order. If disclosure material is provided to any Designated Persons, counsel shall make reasonable efforts to seek the return or destruction of such materials. Defense counsel shall make reasonable efforts to maintain a record of what information has been disclosed to which such persons.

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: White Plains, New York
       October 10, 2018

_____
THE HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
Acting United States Attorney

by: /S/ *[signature]*                 Date:  October 10, 2018
Michael Maimin
Hagan Scotten
Vladislav Vainberg
Assistant United States Attorneys

AGREED AND CONSENTED TO:

_____     _____
SIMON GOLDBRENER                                  Date

_____     _____
Attorney for SIMON GOLDBRENER          Date

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
Acting United States Attorney

by: _____    Date:  September _, 2018
   Michael Maimin
   Hagan Scotten
   Vladislav Vainberg
   Assistant United States Attorneys

AGREED AND CONSENTED TO:

_____    9/20/18
SIMON GOLDBRENER              Date

_____    9/20/18
Attorney for SIMON GOLDBRENER    Date

5

AGREED AND CONSENTED TO:

_____    9/20/18
PERETZ KLEIN                     Date

_____    9/20/18
Attorney for PERETZ KLEIN        Date

6

AGREED AND CONSENTED TO:

_____    9/20/18
SUSAN KLEIN                                              Date

_____    9/20/18
Attorney for SUSAN KLEIN                        Date

7

AGREED AND CONSENTED TO:

_____    Sep/21/18
BEN KLEIN                     Date

_____    _____
Attorney for BEN KLEIN        Date

AGREED AND CONSENTED TO:

_____          _____
BEN KLEIN                                              Date

_____          9/20/18
Attorney for BEN KLEIN                       Date

8

AGREED AND CONSENTED TO:

_____  9/20/18
MOSHE SCHWARTZ                  Date

_____  9/20/18
Attorney for MOSHE SCHWARTZ     Date

9

AGREED AND CONSENTED TO:

_____  _____9/2/18_____
SHOLEM STEINBERG                Date

_____  _____9/20/18_____
Attorney for SHOLEM STEINBERG   Date

10

AGREED AND CONSENTED TO:

_____   9-21-18
ARON MELBER                Date

_____   9-21-18
Attorney for ARON MELBER   Date