```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES of AMERICA,
         -against-                      18 Cr. 614(KMK)
                                        Conference
SIMON GOLDBRENER, PERETZ KLEIN,
SUSAN KLEIN, BEN KLEIN, MOSHE
SCHWARTZ, SHOLEM STEINBERG and
ARON MELBER,

                   Defendants.
------------------------------------x
                                        United States Courthouse
                                        White Plains, New York
                                        July 10, 2019


                    THE HONORABLE KENNETH M. KARAS,
                              District Court Judge

GEOFFREY S. BERMAN
     United States Attorney for
     the Southern District of New York
SCOTTEN HAGAN
     Assistant United States Attorney

SHULMIS PELTZ
          Attorney for Simon Goldbrener

SUSAN NECHELES
CAROLINE GROSSHANS
          Attorneys for Peretz Klein

JEREMY GUTMAN
          Attorney for Susan Klein

DEBORAH LOEWENBERG
PAUL BRICKFIELD
          Attorneys for Ben Klein

STEVEN YUROWITZ
          Attorney for Moshe Schwartz

MELISSA MADRIGAL
          Attorney for Sholem Seinberg

ILANA HARAMATI
          Attorney for Aron Melber


              Angela O'Donnell, RPR, 914-390-4025
```

1           THE CLERK:  All rise.  The Honorable Kenneth M. Karas
2  presiding.  United States of America versus Simon Goldbrener,
3  et al., 18CR614.
4           Counsel, please state your appearances.
5           MR. SCOTTEN:  Good afternoon, your Honor.  Hagan
6  Scotten for the government.
7           THE COURT:  Good afternoon, Mr. Scotten.
8           MR. YUROWITZ:  Good afternoon, your Honor.  Steven
9  Yurowitz for the defendant, Moshe Schwartz, who's present.
10          THE COURT:  Good afternoon.
11          MS. MADRIGAL:  Good afternoon, your Honor.  Melissa
12  Madrigal on behalf of Sholem Steinberg sitting in the box.
13          THE COURT:  Good afternoon.
14          MS. HARAMATI:  Good afternoon, your Honor.  Ilana
15  Haramati for Aron Melber.
16          THE COURT:  Good afternoon.
17          MR. BRICKFIELD:  Good afternoon, Paul Brickfield for
18  Ben Klein.
19          THE COURT:  Good afternoon.
20          MS. LOEWENBERG:  Good afternoon, your Honor.  Deborah
21  Loewenberg for Ben Klein, who is present.
22          THE COURT:  Good afternoon.
23          MS. NECHELES:  Your Honor, Susan Necheles and Carolyn
24  Grosshans for Mr. Peretz.
25          THE COURT:  Good afternoon.

```
 1              MR. GUTMAN:  Jeremy Gutman for Susan Klein, who's
 2   present.
 3              THE COURT:  How's the phone doing?
 4              MR. GUTMAN:  Sorry about that, your Honor.  It's
 5   fixed.
 6              THE COURT:  All right.  Good afternoon.
 7              MS. PELTZ:  Good afternoon, your Honor.  I'm sorry,
 8   Shulamis Peltz for Simon Klein.  The defendant is present.
 9              THE COURT:  All right, good afternoon.
10              Please be seated everybody.
11              Discovery update.
12              MR. SCOTTEN:  The discovery remains produced, your
13   Honor.  I think it was two conferences ago we confirmed it's
14   all produced.  We have a proposed motion schedule, I think
15   everyone agrees on it, if your Honor would like to hear it.
16              THE COURT:  All right.
17              MR. SCOTTEN:  Thank the Court for its indulgence.
18              September 30th for a Bruton disclosure by the
19   government to the defendants, in case they have any motions on
20   that score.
21              THE COURT:  Why so long?
22              MR. SCOTTEN:  The government certainly has no
23   objection to earlier disclosure for all of this.  I'll leave
24   that to the defense to address.  We'd be happy with 30 days
25   from now.
```

```
 1              THE COURT:  Okay, well why don't you finish and we'll
 2   talk.
 3              MR. SCOTTEN:  Sure.  November 25th for defense
 4   motions; December 23rd for government response; January 13th
 5   for defense replies, if any.
 6              I think once we get to the motions, they're a bit
 7   spread out because they ended up over the holidays.  In terms
 8   of moving up the entire thing, the government certainly has no
 9   objection.
10              THE COURT:  Well is the reason for the late Bruton
11   disclosure because people don't want to be doing motions during
12   the holidays, is that the idea?
13              MR. SCOTTEN:  I think the reason for the late Bruton
14   disclosure is whichever defendants may have made statements
15   would prefer those statements not be out there.  For example,
16   if they were going to resolve the case in a non-trial way.  I'm
17   happy to disclose it tomorrow if the Court tells me to.  I
18   think that's more a defense request.
19              THE COURT:  Anybody want to speak up in defense of
20   the September 30 deadline and why it shouldn't be earlier?
21              MS. PELTZ:  Your Honor, I'm due in September.  I will
22   be out most of September and October for maternity leave and
23   the holidays.  So can we do motions in November?
24              THE COURT:  Okay.
25              MS. NECHELES:  Your Honor, I don't think that goes to
```

1   the why the government should not be disclosing.  I was
2   actually surprised that there hadn't been a Bruton disclosure
3   before.  I thought that was part of the discovery that would
4   have been produced.
5            THE COURT:  I don't have a problem adjusting motion
6   schedules to accommodate everything from the holidays to
7   paternal leave, maternal leave, anything that involves
8   obviously some serious personal issues for counsel, but I don't
9   know why we wouldn't make the government do the Bruton
10  disclosure in the next few weeks, and we can still keep the
11  motion schedule, if that's what collectively you all want and
12  you can talk to your clients, I don't have a problem with that.
13           So is anybody going to object if I say to the
14  government they've got to do the *Bruton* disclosure in the next
15  few weeks?
16           MS. NECHELES:  No, your Honor.
17           MR. SCOTTEN:  August 1st, your Honor.  I mean, we're
18  fine with whatever date the Court sets?
19           THE COURT:  What's today?  Let's say the 24th, two
20  weeks.
21           MR. SCOTTEN:  That's good.
22           THE COURT:  And then I'm happy to keep the motion
23  schedule, because I assume that's all what you agreed to in
24  part because of the holidays and other personal issues.
25           Fair statement?

1            Anybody object to that?
2            MR. YUROWITZ:  No.
3            THE COURT:  You talked to your clients about this?
4   Because this is a relaxed schedule and it's their speedy trial
5   rights that are implicated by this schedule.
6            So anybody not talk to their clients about it?  Okay.
7            All right, so then I guess the next question is any
8   objection to excluding time from now to November 25th, which is
9   when the motions are due?
10           Silent.
11           MR. SCOTTEN:  No objection.
12           MR. YUROWITZ:  No objection.
13           MR. BRICKFIELD:  No objection.
14           THE COURT:  Okay, then I'll prospectively exclude
15  time from today until November 25th of this year under the
16  Speedy Trial Clock, finding it's in the interest of justice to
17  do so.  That finding is based on the fact that counsel need
18  time to prepare the motions, at least one attorney is going to
19  have some availability issues from now until November 25th, and
20  also there are the holidays which would intervene in the
21  ability to prepare the motions any earlier.  So I therefore
22  find that the interests of justice from this exclusion outweigh
23  the defendants' and the public's interest in a speedy trial.
24  The finding is made pursuant to 18 U.S.C., Section
25  3161(h)(7)(A).

```
1                   I guess two other questions.
2                   First is is there anything else we need to take up?
3                   MR. SCOTTEN:  Not from the government, your Honor.
4                   THE COURT:  Okay.  Counsel?
5                   MR. YUROWITZ:  No, your Honor.
6                   THE COURT:  Okay.  Second is do we want to get
7        together before we have argument on the motions?  Is it needed?
8        I'll do whatever you want.
9                   MR. SCOTTEN:  Government can't think of a reason,
10       your Honor.
11                  MR. YUROWITZ:  I don't think we need before.  We
12       would ask for oral argument on the motion.
13                  THE COURT:  Of course.  No, that's a given.  And
14       there may be -- I obviously don't know what the motions are
15       going be to, might have to have a hearing as well.
16                  I'm just saying between now and then, is there any
17       reason for all of us to get together?  Obviously, if there are
18       individual issues that come up, people can write me a letter
19       and we can conference the case.
20                  MS. NECHELES:  Your Honor, the only issue that's --
21       and I don't know how your Honor wants to deal with this really.
22       There are at least -- there are some significant issues with
23       discovery.  You know, the government, we have different views,
24       that might surprise you, than the government has.
25                  In particular, it's complicated and the case law has
```

1  changed, and there's lots of issues about computers that were
2  seized from third parties and what -- you know, the government
3  has a whole database sitting there that they're able to
4  continue to search if they go back for a warrant or whatever,
5  and the defense doesn't have access to that, doesn't have the
6  same access of materials to search and that seems to us to be a
7  violation of Rule 16.  And so I'm a little concerned that we
8  won't be addressing any of discovery issues for so long.  Some
9  people talked about maybe doing a bifurcated motion schedule to
10 raise the discovery issues.
11             THE COURT:  If you want to -- I understand the point,
12 and of course part of your argument is some of what might go
13 into the other motions is affected by what there is in the
14 discovery and what there should be in the discovery.  And we've
15 done this before in other cases.  So if you want to make a
16 separate motion between now and November 25th, that's fine.  If
17 you want to make certain motions related to the discovery in
18 terms of how it's been produced or what has not been produced,
19 that's fine, and you and the government can agree on a schedule
20 and send me a letter and I'm sure it will be approved.
21             That way, if you want to talk to some of the other
22 lawyers and talk to the government and let me know what you
23 want to do, that's fine.
24             MR. YUROWITZ:  I would just say, if we end up
25 deciding to do that, if he could just, as part of that, we may

1   ask your Honor to -- if we could have argument on that.
2                THE COURT:  You love argument.
3                MS. NECHELES:  He's very good at it.
4                MR. YUROWITZ:  I like her.
5                But argument really before the motion.
6                THE COURT:  Yes.
7                MR. YUROWITZ:  That's all.
8                THE COURT:  I get it.  That's why I was saying that
9   it may be that some of what you're going to want to put in the
10  subsequent motions is affected by what happens with the
11  discovery.  Sure.
12               Okay, so I'll just wait for a letter saying, here's
13  what we want to do, here's the proposed schedule, please so
14  order it, and I'll so order it.
15               Fair enough?
16               MR. YUROWITZ:  Yes.
17               THE COURT:  Argument for sure.  That's a lot of
18  pressure.  You know, you've raised expectations.
19               Anything else?  Okay, then I'll bid you a pleasant
20  afternoon.
21               MR. SCOTTEN:  Thank you, your Honor.
22               MR. BRICKFIELD:  Thank you.
23               MS. NECHELES:  Thanks.
24               (Proceedings concluded)
25                       _____
                Angela A. O'Donnell, RPR, Official Court Reporter, USDC, SDNY
                          Angela O'Donnell, RPR, 914-390-4025