UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

UNITED STATES of AMERICA,

       -against-                 18 Cr. 614(KMK)

ARON MELBER,

            Defendant.

-----------------------------------x

                          United States Courthouse
                          White Plains, New York

                          January 30, 2020

B e f o r e:

                 HON. JUDITH C. McCARTHY,
                       United States Magistrate Judge

A P P E A R A N C E S:

MICHAEL D. MAIMIN
        Assistant United States Attorney

ILANA HARAMATI
HENRY E. MAZUREK
        Attorneys for Aron Melber

ANGELA A. O'DONNELL, RPR
Official Court Reporter

              Angela O'Donnell, RPR, 914-390-4025

1            THE CLERK:  In the matter of the United States of
2   America versus Aaron Melber.  Counsel, please state your
3   appearances for the record.
4            MR. MAIMIN:  Michael Maimin for the government.  Good
5   afternoon, slash evening, your Honor.
6            THE COURT:  Good afternoon, Mr. Maimin.
7            MS. HARAMATI:  Good afternoon, your Honor.  Ilana
8   Haramati and Henry Mazurek for Mr. Melber seated between us.
9            THE COURT:  Good afternoon, counsel.
10           MR. MAZUREK:  Good afternoon.
11           MS. HARAMATI:  Good afternoon.
12           THE COURT:  And good afternoon, Mr. Melber.
13           THE DEFENDANT:  Good afternoon.
14           THE COURT:  Okay, Mr. Melber, I want to advise you
15   this is not a trial.  It's my understanding that you've decided
16   to enter a guilty plea.  This proceeding is for the purpose of
17   ensuring that you are aware of your rights in connection with
18   your plea and that any waiver of those rights is knowing and
19   voluntary prior to entering your guilty plea.
20           If at any time you do not hear or understand what I
21   say to you, please interrupt me so that I can repeat and
22   explain what I said.  If you want to confer with your attorney
23   regarding anything I say, please interrupt me so that you can
24   do that.  Do you understand?
25           THE DEFENDANT:  Yes.

                    Angela O'Donnell, RPR, 914-390-4025

1           THE COURT:  I also want to advise you that you have

2      the right to be represented by counsel throughout the entire

3      case, and you may consult with your attorney at any stage of

4      this proceeding.  You also have the right to remain silent.

5      Any statement that you do make may be used against you.  You

6      have this right to remain silent even if you've already made

7      statements to law enforcement officers.  Do you understand

8      that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Ms. Hummel, could you please place the

11     defendant under oath or affirmation.

12          (Aron Melber affirmed)

13          THE COURT:  So it's important for you to understand

14     that if knowingly make a false statement during these

15     proceedings, you could be subject to prosecution for the crime

16     of perjury or for making a false statement to the Court, and

17     you could face a punishment up to five years imprisonment and a

18     $250,000 fine for committing such a crime.  Such punishment

19     would be separate and apart from any sentence you may be facing

20     on the crime charged in the felony superseding information.  Do

21     you understand that?

22          THE DEFENDANT:  Understood.

23          THE COURT:  What is your full name?

24          THE DEFENDANT:  Aron Melber.

25          THE COURT:  And how old are you?

1              THE DEFENDANT:  Forty-three.

2              THE COURT:  Are you a United States citizen?

3              THE DEFENDANT:  Yes.

4              THE COURT:  How far did you go in school?

5              THE DEFENDANT:  High school.

6              THE COURT:  Are you currently or have you been

7      recently under the care of a doctor or a psychiatrist for any

8      reason?

9              THE DEFENDANT:  A doctor for my foot infection.

10             THE COURT:  Have you taken any mind-altering drugs,

11     medicines or pills or consumed any alcohol in the last 24

12     hours?

13             THE DEFENDANT:  No.

14             THE COURT:  Have you ever been hospitalized or

15     treated for alcoholism or drug addiction?

16             THE DEFENDANT:  No.

17             THE COURT:  Is your mind clear today?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Do you understand what's happening at

20     this proceeding?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Does either counsel have any objections

23     to the defendant's competence to proceed at this time?

24             MR. MAIMIN:  I do not, your Honor.

25             MS. HARAMATI:  None, your Honor.

                    Angela O'Donnell, RPR, 914-390-4025

1          THE COURT:  Thank you.

2          So Mr. Melber, this proceeding is called a plea

3     allocution.  I want you to understand that you have an absolute

4     right to have this plea allocution conducted before a United

5     States District Judge.  It is the District Judge who will

6     impose the sentence in this case.  If you consent, then I will

7     conduct the plea allocution and I will then make a report to

8     the District Judge in which I will recommend whether or not the

9     District Judge should accept the plea of guilty.  I will make

10    that recommendation based on the information that is brought

11    out during today's proceedings.  It is important for you to

12    understand that the Court will not accept your plea unless the

13    Court is satisfied that you fully understand all of your rights

14    and that you are, in fact, guilty.  Do you understand that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that you have an

17    absolute right to have this plea allocution conducted before a

18    United States District Judge?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Is it your wish that I conduct the plea

21    allocution?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Ms. Haramati, did your client sign a

24    consent to proceed before a United States Magistrate Judge on a

25    felony plea allocution?

Angela O'Donnell, RPR, 914-390-4025

1          MS. HARAMATI:  He did, your Honor.

2          THE COURT:  Ms. Hummel, would you please have the

3    defendant identify his signature on the form.

4          THE CLERK:  Mr. Melber, I show you this consent form

5    which you've signed and dated today, January 30, 2020.  Is that

6    your signature?

7          THE DEFENDANT:  Yes.

8          THE CLERK:  And before signing this form, did you

9    have a chance to read it and review it with your attorneys?

10          THE DEFENDANT:  Yes.

11          THE CLERK:  Thank you.

12          THE COURT:  So I have before me the consent to

13    proceed before a United States Magistrate Judge on a felony

14    plea allocution that you have signed.  What this form says is

15    knowing that you have the right to have the plea taken by a

16    United States District Judge, you're agreeing to have the plea

17    taken by me, a United States Magistrate Judge; is that correct?

18          THE DEFENDANT:  That's correct.

19          THE COURT:  Before you signed the form, did your

20    lawyer explain it to you?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Did anyone threaten or coerce you or

23    promise you anything in order to get you to sign the consent

24    form?

25          THE DEFENDANT:  No.

1          THE COURT:  Did you sign the form freely and

2   voluntarily?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Counsel, do either of you know of any

5   reason why the waiver and consent to proceed with this plea

6   allocution before a United States Magistrate Judge should not

7   be accepted?

8          MR. MAIMIN:  No, your Honor.

9          MS. HARAMATI:  No, your Honor.

10          THE COURT:  Thank you.  I find that the defendant is

11   fully competent and understands the proceedings before him.  I

12   also find he's capable of waiving his right to appear before a

13   United States District Judge in order to enter his guilty plea

14   and I therefore accept the consent form which has been signed

15   and is now part of the court record.

16          The consent form is marked as Court Exhibit 1 and

17   will remain in the court file.

18          So Mr. Melber, I've been informed that you wish to

19   change your plea and to enter a plea of guilty as to certain

20   charges; is that correct?

21          THE DEFENDANT:  That's correct, your Honor.

22          THE COURT:  Before deciding whether to accept your

23   guilty plea, I'm going to ask you certain questions.  It's very

24   important that you answer these questions honestly and

25   completely.  The purpose of these proceedings is to make sure

1   that you understand your rights, to decide whether you're

2   pleading guilty of your own free will, and to make sure that

3   you are pleading guilty because you are guilty and not for some

4   other reason.  Do you understand what I'm saying?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If you don't understand any of the

7   questions, or if you want at any time to consult with your

8   lawyer, please say so, because it is important that you

9   understand every question before you answer it.  Okay?

10          THE DEFENDANT:  Yes.

11          THE COURT:  So, I have before me a copy of the

12   superseding information in this case which charges you with

13   conspiring to violate the laws of the United States in

14   violation of 18 U.S.C., Section 371, which relates to your

15   participation in a conspiracy to engage in wire fraud with

16   respect to payments under the E-rate program to or for the

17   benefit of Congregation Imrei Shufer.

18          Have you received a copy of the superseding

19   information?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Have you read it?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Do you understand what it says?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you want me to read it in open Court?

1           THE DEFENDANT:  No.

2           THE COURT:  Have you had time to talk to your

3   attorney about these charges and about how you wish to plead?

4           THE DEFENDANT:  Yes.

5           THE COURT:  Have you discussed with your attorney the

6   charges against you, including the charges you intend to plead

7   guilty to as well as any other charges that the government may

8   have made in this case?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Has your attorney told you the

11  consequences of pleading guilty?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Are you satisfied with your attorney's

14  representation of you?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Have you told your attorney everything

17  you know about this case?

18          THE DEFENDANT:  Yes.

19          THE COURT:  The original plea agreement which I

20  believe Ms. Hummel has a copy of is going to be marked as a

21  government exhibit and going to remain in the custody of the

22  government's attorney.

23          Ms. Hummel, could you please have the defendant

24  identify his signature on the last page of the agreement.

25          THE CLERK:  Mr. Melber, I show you this plea

1    agreement which is dated January 30, 2020, which you've also

2    signed today, January 30, 2020.  Is that your signature?

3            THE DEFENDANT:  Yes.

4            THE CLERK:  And before signing this agreement, did

5    you have a chance to read it and review it with your attorneys?

6            THE DEFENDANT:  Yes.

7            THE CLERK:  Thank you.

8            THE COURT:  Thank you very much.

9            So, Ms. Haramati or Ms. Mazurek, did you have an

10   opportunity to go over each and every part of this plea

11   agreement with your client before appearing today?

12           MS. HARAMATI:  Yes, your Honor.

13           THE COURT:  And Mr. Melber, are you satisfied that

14   you understand this entire plea agreement which your lawyers

15   reviewed with you?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you have any questions, either for

18   your lawyer or for me about what this plea agreement says?

19           THE DEFENDANT:  No.

20           THE COURT:  Does this plea agreement contain the

21   complete understanding between you and the government in

22   connection with this case?

23           THE DEFENDANT:  I didn't get it.

24           THE COURT:  Does this plea agreement contain the

25   complete understanding between you and the government in

1    connection with this case?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Okay.  Do you understand that anything

4    which is not set forth in the written plea agreement or which

5    is not told to me today on the record will not be binding on

6    the outcome of your case?

7              THE DEFENDANT:  That's correct.

8              THE COURT:  Do you understand that?

9              THE DEFENDANT:  That's correct.

10             THE COURT:  Mr. Maimin, is there anything beyond the

11   written plea agreement the Court should be aware of?

12             MR. MAIMIN:  No, your Honor.

13             THE COURT:  And Ms. Haramati, is there any other

14   agreement the Court should know about?

15             MS. HARAMATI:  No.

16             THE COURT:  The consent order of forfeiture, do you

17   have that Ms. Hummel?  Thank you.  Thank you.

18             So, Mr. Melber, did you sign the plea agreement

19   freely and voluntarily?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Did anyone force you or coerce you or

22   threaten you or promise you anything other than what is set

23   forth in the written plea agreement in order to get you to sign

24   the plea agreement?

25             THE DEFENDANT:  No.

                Angela O'Donnell, RPR, 914-390-4025

```
 1              THE COURT:  I'm going to go over certain aspects of
 2    the plea agreement with you to make sure that you understand --
 3              THE DEFENDANT:  Okay.
 4              THE COURT:  -- it.
 5              If you're convicted of the charges contained in this
 6    felony superseding information, either after trial or by a plea
 7    of guilty, you would be subject to a maximum term of
 8    imprisonment of five years, a maximum term of supervised
 9    release of three years, a maximum fine pursuant to 18 U.S.C.,
10    Section 3571 of the greatest of $250,000, twice the gross
11    pecuniary gain derived from the offense or twice the gross
12    pecuniary loss to persons other than you resulting from the
13    offense and a $100 mandatory special assessment.  Do you
14    understand that?
15              THE DEFENDANT:  Yes.
16              THE COURT:  If you are sentenced to a term of
17    imprisonment, even if you are sentenced to the maximum term of
18    imprisonment, and if you are also sentenced to a term of
19    supervised release, and if you then violate the conditions of
20    supervised release, you could be sentenced to an additional
21    term of imprisonment for violating the conditions of your
22    supervised release which in this case would be an additional
23    term of up to two years.  Do you understand that?
24              THE DEFENDANT:  Yes.
25              THE COURT:  In addition, if you violate the
```

```
 1   conditions of your supervised release, you would not receive
 2   credit for any time already served in prison or for time served
 3   on supervised release.  Do you understand that?
 4                THE DEFENDANT:  Yes.
 5                THE COURT:  Now in this case you've also signed a
 6   consent to a preliminary order of forfeiture and a money
 7   judgment in this case, and you're also admitting under this
 8   plea agreement to the forfeiture allegations with respect to
 9   Count One of the information, and you're agreeing to forfeit a
10   sum of money equal to $127,654.55 representing the proceeds
11   traceable to the commission of said offense which is in Count
12   One.  Do you understand that?
13                THE DEFENDANT:  Yes.
14                THE COURT:  And you're also agreeing to make
15   restitution in the amount of $127,654.55.  Do you understand
16   that?
17                THE DEFENDANT:  Yes.
18                THE COURT:  Do you understand that these are the
19   possible sentences that could be imposed following a plea of
20   guilty in this matter?
21                THE DEFENDANT:  Yes.
22                THE COURT:  I believe you said you were a US citizen;
23   is that correct?
24                THE DEFENDANT:  Correct.
25                THE COURT:  So do you also understand that you are
```

1  pleading guilty to a felony offense and that such an
2  adjudication may deprive you of certain valuable civil rights,
3  which may include the right to vote, the right to hold public
4  office, the right to serve on a jury, the right to possess any
5  type of firearm, including rifles and shotguns, the right to be
6  considered for certain types of employment or to be bonded or
7  to serve in the United States military and the right to possess
8  or obtain certain government issued licenses, including
9  licenses that may be required in certain professions and
10  occupations.  Do you understand that?
11           THE DEFENDANT:  Yes.
12           THE COURT:  Do you understand that these are the
13  possible legal consequences of a guilty plea in this matter?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Do you also understand that the United
16  States Sentencing Commission has issued guidelines for judges
17  to follow in determining the appropriate sentence in a criminal
18  case?
19           THE DEFENDANT:  Yes.
20           THE COURT:  Do you understand that these guidelines
21  are not mandatory but they must be considered by the Court
22  along with other factors listed in 18 U.S.C., Section 3553 when
23  the judge determines the appropriate sentence to impose
24  including possible departures from the guidelines?
25           THE DEFENDANT:  Yes.

```
 1              THE COURT:  Have you and your attorney talked about
 2    how the sentencing guidelines would be calculated in your case?
 3              Have you and your attorney talked --
 4              THE DEFENDANT:  Yeah, yeah.
 5              THE COURT:  -- about how the sentencing guidelines --
 6              THE DEFENDANT:  Yeah, yeah.
 7              THE COURT:  -- would be calculated?
 8              THE DEFENDANT:  Yeah.
 9              THE COURT:  Yes?
10              THE DEFENDANT:  Yeah.
11              THE COURT:  Okay.  So the plea agreement in this case
12    sets forth a stipulated sentencing range of 18 to 24 months
13    imprisonment and a stipulated fine range of 7500 to $75,000.
14              Do you understand that this is simply an
15    understanding between you and your lawyer and the lawyer for
16    the government and that it is not binding on the District Judge
17    when he imposes sentence?
18              THE DEFENDANT:  Yes.
19              THE COURT:  Do you understand the District Judge will
20    consider the guidelines but will impose a sentence in
21    accordance with the statute, which in this case means that the
22    prison term will not be for more than five years?
23              Do you understand that?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Do you understand the Court will not be
```

1    able to determine the appropriate sentence until after the

2    presentence report has been prepared and until you and your

3    attorney, as well as the government, have had an opportunity to

4    challenge the facts reported in the presentence report as well

5    as the calculation of the sentencing guideline range and any

6    sentence recommendation in that report?

7              Do you understand that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you also understand that if there are

10   any objections to the presentence report, that those objections

11   will be ruled on by the Court, and if necessary, a hearing will

12   be held to determine what information is relevant to the

13   Court's determination of the sentence?

14             Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  I want to also go over what you are

17   agreeing to give up as it relates to appeals.

18             Under this plea agreement, you're agreeing not to

19   file a direct appeal, nor bring a collateral challenge,

20   including but not limited to an application under 28 U.S.C.,

21   Sections 2255 and/or 2241 of any sentence within or below the

22   stipulated guideline range of 18 to 24 months imprisonment and

23   the government will not appeal any sentence within or above the

24   stipulated guideline range.  Do you understand that?

25             THE DEFENDANT:  Yes.

 1             THE COURT:  You're also agreeing not the appeal any

 2    term of supervised release that is less than or equal to the

 3    statutory maximum.  Do you understand that?

 4             THE DEFENDANT:  Yes.

 5             THE COURT:  And you're also agreeing not to appeal

 6    any fine that is less than or equal to 75,000 and the

 7    government agrees not the appeal any fine that is greater than

 8    or equal 7500.  Do you understand that?

 9             THE DEFENDANT:  Yes.

10             THE COURT:  You're also agreeing not to appeal any

11    restitution amount that is less than or equal to $127,654.55,

12    and the government agrees not to appeal any restitution amount

13    that is greater than or equal to $127,654.55.  Do you

14    understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  You're also agreeing not to appeal any

17    forfeiture amount that is less than or equal to $127,654.55,

18    and the government agrees not to appeal any forfeiture amount

19    that is greater than or equal to $127,654.55.  Do you

20    understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand, Mr. Melber, that if

23    you disagree with the Court's sentencing decision, that will

24    not give you a basis for withdrawal of your guilty plea?

25             THE DEFENDANT:  That's correct.

                  Angela O'Donnell, RPR, 914-390-4025

1          THE COURT:  Do you also understand that parole has

2     been abolished, and if you are sentenced to a term of

3     imprisonment, you will not be eligible for early release on

4     parole?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Do you understand that you do not have to

7     plead guilty and you have an absolute right to plead not guilty

8     and to have the matter go to trial by judge or by jury?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that if you choose to

11     plead not guilty, you are entitled to have a speedy and public

12     trial of your case?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Do you understand that at any trial of

15     this matter you would be entitled to the presumption of

16     innocence and that the presumption would remain with you until

17     the government proves each and every element of the crime

18     charged beyond a reasonable doubt to the satisfaction of a

19     judge, if it's a judge trial, or to the unanimous satisfaction

20     of the jury, if it's a jury trial?

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  At such trial you would have the right,

24     with the assistance of your attorney, to confront and cross

25     examine the witnesses against you.  You would have the right to

1    call witnesses to testify for you and to have subpoenas issued

2    to compel witnesses to give testimony.  You would also have the

3    right to testify at your trial, but you could not be forced to

4    testify.  If you decide not to testify.  Your decision to

5    remain silent could not be held against you in any way.  Do you

6    understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  At your trial you would also have the

9    right which I've already mentioned, to the assistance of an

10   attorney and to have an attorney appointed to represent you if

11   you could not afford counsel.  Do you understand that?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Do you understand that if you pleaded

14   guilty to the charges in this felony superseding information

15   that you would give up your right to a trial, and except for

16   the right to counsel, you'd give up all the other rights which

17   I've explained to you here?

18           THE DEFENDANT:  Yes.

19           THE COURT:  And counsel, is there anything you would

20   like me to go over further in the plea agreement?

21           MR. MAIMIN:  Just that the right to counsel extends

22   beyond trial to all proceedings before the Court in this

23   matter.

24           THE COURT:  I think I stated that when I said to him

25   that he has the right to be represented by counsel throughout

                 Angela O'Donnell, RPR, 914-390-4025

1    the entire case, but I will emphasize that because I know
2    Mr. Maimin is currently working on that matter separate and
3    apart from this case, so he wants me to be thorough.
4            So Mr. Melber, what it means is that when you plead
5    guilty, you're not giving up -- you're giving up a lot of
6    rights, which I've gone over, but you never give up your right
7    to trial -- your right to counsel.  If you plead guilty, you
8    give up your right to trial, but not your right to an attorney.
9            So you have the right to an attorney to assist you
10   throughout the entire case, whether you go to trial, whether
11   you don't go to trial.  Pleading guilty you still have the
12   right to assistance of counsel, not just for these proceedings
13   but also if there's any further conversation to be had with any
14   law enforcement or with the government.  Do you understand
15   that?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Mr. Maimin.
18            MR. MAIMIN:  Nothing else, your Honor.
19            THE COURT:  Thank you.
20            And Ms. Haramati.
21            MS. HARAMATI:  Nothing further, your Honor.
22            THE COURT:  Thank you.
23            So Mr. Melber, have you clearly heard and understood
24   everything I've said to you?
25            THE DEFENDANT:  Yes.

1          THE COURT:  Do you have any questions for me or for

2     your attorney about anything I've said or about anything I've

3     asked you?

4          THE DEFENDANT:  No.

5          THE COURT:  Okay, Mr. Maimin, can you tell me what

6     the elements of the offenses are and what is the government

7     prepared to prove at trial in order to establish those

8     elements.

9          MR. MAIMIN:  Certainly, your Honor.

10          The information charges Mr. Melber with one count of

11    violating Title 18, United States Code, Section 371, which sets

12    forth a conspiracy to violate the laws of the United States.

13    Section 371 conspiracy has three elements:

14          First, the government would have to prove the

15    existence of the conspiracy that's charged in Count One.  In

16    other words, the government would have to prove beyond a

17    reasonable doubt that from at least in or about 2013 up to and

18    including in and about March 2016 or any portion of that time

19    period there was, in fact, an agreement or understanding among

20    two or more persons to violate the provisions of the law which

21    make it illegal to commit wire fraud;

22          Second, that the defendant knowingly and willfully

23    became a member of the conspiracy charged in Count One; and

24          Third, that one of the members of the conspiracy

25    knowingly committed at least one of the overt acts charged in

1    the information and that the overt acts were committed to

2    further some objective of the conspiracy.

3              Additionally, because I mentioned that the object of

4    the conspiracy would be wire fraud, there are three elements to

5    a Section 1343 wire fraud:

6              First, that in or about the times alleged in the

7    information, there was a scheme or artifice to defraud others

8    of money or property by means of false or fraudulent pretenses,

9    representations or promises;

10             Second, that the defendant knowingly and willfully

11   devised or participated in the scheme or artifice to defraud

12   with knowledge of its fraudulent -- fraudulent nature and with

13   a specific intent to defraud; and

14             Third, that in the execution of that scheme the

15   defendant himself used or caused the use by others of

16   interstate or foreign wires as specified in the information.

17             The government would prove, if this went to trial,

18   that Mr. Melber and others agreed together and did, in fact,

19   accomplish the objective of defrauding the E-rate program,

20   which is a program designed by the federal government to

21   provide funding to schools and libraries for certain

22   technological equipment and services.

23             In particular, the program, which is administered by

24   the Federal Communications Commission, is then sub-administered

25   by a corporation called the Universal Services Administration

1   Company or Corporation, I forget which, USAC, which disburses

2   funds upon reviewing applications for those funds, which

3   applications and follow-up paperwork include specific

4   representations about the provision of services and equipment

5   and the use of those services and equipment.

6          Mr. Melber and others worked together to defraud that

7   program by submitting requests that were untruthful in that

8   they purported that they planned to and did, in fact, provide

9   equipment and services to schools that were not, in fact,

10  provided or in certain cases were provided in part but not for

11  the purposes that they were represented to be used for.

12         Those representations were made through the internet,

13  through wires that extended from Rockland County, which is in

14  the State of New York, to USAC offices outside of the State of

15  New York, which would therefore satisfy the interstate wire

16  element of the wire fraud objective of a 371 conspiracy.  And

17  those wire communications were the overt acts alleged in the

18  information.

19         Additionally, the government would have to prove by a

20  preponderance of the evidence that the agreement or overt act

21  in furtherance of the conspiracy took place in the Southern

22  District of New York, which includes Rockland County, which is

23  where the agreement took place and where certain wire

24  communications were sent from and where the underlying school

25  or schools were located.

Angela O'Donnell, RPR, 914-390-4025

1                    THE COURT:  Thank you very much, Mr. Maimin.

2                    Okay, Mr. Melber, can you stand.

3                    Did you hear what Assistant United States Attorney

4      Maimin said?

5                    THE DEFENDANT:  Yes.

6                    THE COURT:  At this time, how do you wish to plead to

7      the charges?

8                    THE DEFENDANT:  Guilty.

9                    THE COURT:  Has anyone threatened you or coerced you

10     or pressured you improperly in order to get you to plead guilty

11     to these charges?

12                   THE DEFENDANT:  No.

13                   THE COURT:  Has anyone made any promises to you other

14     than what is set forth in the plea agreement in order to induce

15     you to plead guilty?

16                   THE DEFENDANT:  No.

17                   THE COURT:  Has anyone made any specific promises to

18     you about what the sentence of the Court will be?

19                   THE DEFENDANT:  No.

20                   THE COURT:  And Mr. Melber, can you tell me in your

21     own words what you did to commit this crime.

22                   THE DEFENDANT:  I was a school administrator at a

23     religious school, Imrei Shufer, from 2014-2015.  During that

24     time I agreed and cooperated the technology (indiscernible) to

25     request funding from the federal E-rate educational program for

                     Angela O'Donnell, RPR, 914-390-4025

1   various technology equipment and services to be provided for

2   the school's use.

3        I knew or had reason to know that some of the

4   requests of specific equipment and services for which the

5   vendor sought funding were never intended to be provided to

6   Imrei Shufer.

7        Knowing that the vendors intentionally inflated

8   requests to E-rate to include higher price products or services

9   or additional items that the school did not need, I nonetheless

10  signed paperwork verifying the amounts and types of services to

11  be provided to the school.  This funding request was sent

12  through the internet.

13       I did these things from Rockland County, which is

14  located in the Southern District of New York.

15       THE COURT:  Did you commit these acts knowingly and

16  willfully?

17       THE DEFENDANT:  Yes.

18       THE COURT:  Did you know it was against the law to do

19  what you were doing when you did it?

20       THE DEFENDANT:  Yes.

21       THE COURT:  Mr. Maimin, the only thing that seemed

22  inconsistent with what you said was the timeframe.  You had

23  2013 up to about March 2016, and Mr. Melber talked about 2000 I

24  believe it was '14 and '15.

25       MR. MAIMIN:  That right.  Some of the requests went

1   in in 2013 and Mr. Melber would then sign documents about items

2   having appeared.  And the law is also clear that you can plead

3   guilty to or be found guilty of a subset of timeframe of a

4   conspiracy.

5           THE COURT:  No, I just wanted to make sure that there

6   was nothing I was missing in the time.

7           MR. MAIMIN:  No, I don't think so.  I think that

8   there were some requests that are technically sent in 2013.  He

9   may have joined on when he became the administrator, which may

10  not have been until 2014 itself.

11          THE COURT:  Okay.  Is there anything else which

12  either counsel believes the Court needs to elicit from the

13  defendant before making the recommendation contemplated by

14  Rule 11 of the Federal Rules of Criminal Procedure?

15          MR. MAIMIN:  No, your Honor.

16          MS. HARAMATI:  Nothing else, your Honor.

17          THE COURT:  Thank you.

18          And Ms. Haramati, do you know of any reason why the

19  Court should not recommend acceptance of your client's plea of

20  guilty in this matter?

21          MS. HARAMATI:  No, your Honor.

22          THE COURT:  And Mr. Maimin, do you know of any reason

23  why the Court should not recommend acceptance of the plea?

24          MR. MAIMIN:  No, your Honor.

25          THE COURT:  And Mr. Melber, in light of everything

1   that's been said here today, is it still your wish to plead

2   guilty to the charges contained in the felony superseding

3   information?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  On the basis of the allocution and the

6   responses to my questions, I find that the defendant is fully

7   competent and capable of entering an informed plea.  I am

8   satisfied that you understand your rights, including your right

9   to go to trial, that you are aware of the consequences of your

10  plea, including the sentence that may be imposed.  Based on

11  this plea allocution, I find that the plea is knowing and

12  voluntary and is supported by an independent factual basis for

13  each and every element of the crime charged.

14             Accordingly, I respectfully report and recommend to

15  Judge Karas that the plea be accepted and that the defendant be

16  adjudged guilty of the offenses charged in the felony

17  superseding information.

18             I direct that a presentence investigation be

19  conducted by the United States Department of Probation and that

20  a presentence report will be prepared.

21             Within 14 days from today, Mr. Melber, you must go to

22  the Department of Probation.  They're located on the ground

23  floor of this building.  So fourteen days from today is

24  February 6, 2020.  You're going to be interviewed by a

25  representative of the Department of Probation.  Your attorneys

 1   will be there, I'm sure, to assist you with this process.  I

 2   want to make sure you understand you need to be fully honest

 3   and truthful during this interview, because if it comes to the

 4   Court's attention you've provided false, incomplete or

 5   misleading information, that may be held against you at the

 6   time of sentencing.  Do you understand that?

 7             THE DEFENDANT:  Yes.

 8             THE COURT:  Mr. Maimin, the prosecution case summary

 9   for purposes of the presentence report is to be delivered to

10   the Probation Department no later than 14 days from today, so

11   February 6, 2020.

12             MR. MAIMIN:  Of course, your Honor.

13             THE COURT:  I'm further directing that the court

14   reporter provide a transcript of these proceedings within 30

15   days to me setting forth my report and recommendation to Judge

16   Karas.  The transcript is to come to me first for review.

17             I believe Judge Karas has scheduled this for

18   sentencing for May 8, 2020, at 2:00 p.m. before Judge Karas.

19             Please contact Judge Karas' chambers to confirm the

20   date and time of sentencing.

21             MR. MAIMIN:  Thank you, your Honor.

22             THE COURT:  Is there anything further?

23             MR. MAIMIN:  Not from the government, your Honor.

24             MS. HARAMATI:  Nothing from the defense, your Honor.

25             THE COURT:  Thank you very much.

                 Angela O'Donnell, RPR, 914-390-4025

1              Good luck, Mr. Melber.

2               Have a good night, counsel.

3               THE DEFENDANT:  Thank you.

4    Certified to be a true and accurate

5    transcript of the digital electronic

6    recording to the best of my ability.

7    _____

8    U.S. District Court

9    Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25